UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                 Case No. 8:10-cr-432-T-23MAP

RAYFIELD HENRY, JR.
_____/

**FINAL JUDGMENT OF FORFEITURE**

Pursuant to Rule 32.2(c)(2), Federal Rules of Criminal Procedure, 21 U.S.C. § 853(n)(7), 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c), the United States moves for a final judgment of forfeiture as to forty-three rounds of assorted ammunition.

The defendant pleaded guilty to, and was adjudged guilty of, the offenses charged in Counts One, Two, and Three of the indictment (Counts One and Two-- violations of 21 U.S.C. § 841(a)(1); Count Three–18 U.S.C. § 922(g)(1)).  A January 27, 2011, "Preliminary Order of Forfeiture" (Doc. 23) forfeited Rayfield Henry, Jr.'s, interest in a Ruger Police Service Six .357 caliber revolver, serial number 159-51858, and forty-three rounds of assorted ammunition

On January 29, 2011, the United States sent to Gary Owen May (6002 Laketree Lane, Tampa, FL 33617) by both regular United States mail and certified mail (no. 7010 1060 0000 2581 8159) a "Notice of Forfeiture," "Acknowledgment of Receipt of Notice of Forfeiture," and a copy of the "Preliminary Order of Forfeiture."  The notice gave May instructions for filing a petition to claim an interest in the property with the Clerk of the United States District Court for the Middle District of Florida, Sam M. Gibbons

Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.  The certified mail was returned and signed by May.

On February 10, 2011, May filed a claim of ownership (Doc. 25) for the revolver. On March 3, 2011, the United States filed a "Notice to the Court" (Doc. 32) recognizing May's claim to the revolver.  Thus, the United States does not seek a final order of forfeiture as to the revolver.

On April 6, 2011, Henry was sentenced, and the forfeiture of the property was included in the Judgment.  (Doc. 36).

In accordance with Rule 32.2(b)(6)(C), Federal Rules of Criminal Procedure, and 21 U.S.C. § 853(n), the United States published notice of the forfeiture and of its intent to dispose of the property on the official government website, www.forfeiture.gov, from January 29, 2011, through February 27, 2011.  (Doc. 30).  The publication gave notice to all third-parties with a legal interest in the property to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within sixty days of the first date of publication.

Other than Henry, whose interest was forfeited in the "Preliminary Order of Forfeiture," no person or entity is known to have an interest in the ammunition, no third-party has filed a petition or claimed an interest in the ammunition, and the time for filing a petition has expired.

Accordingly, the United States' motion (Doc. 37) is **GRANTED**.  Pursuant to Rule 32.2(b)(2), Federal Rules of Criminal Procedure, 21 U.S.C. § 853(n)(7), 18 U.S.C.

§ 924(d)(1), and 28 U.S.C. § 2461(c), all right, title, and interest in the ammunition is **CONDEMNED** and **FORFEITED** to the United States for disposition according to law. Clear title to the ammunition now vests in the United States.

ORDERED in Tampa, Florida, on April 7, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE